NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

CARL O. REAVIS,  :
    :   CIV. NO. 19-21711 (RMB-AMD)
  PLAINTIFF,  :
    :
  v.  :   OPINION
    :
MARCUS O. HICKS, *et al.*,  :
    :
  DEFENDANT.  :

BUMB, DISTRICT JUDGE

Plaintiff Carl O. Reavis, a prisoner incarcerated in South Woods State Prison ("SWSP") in Bridgeton, New Jersey, filed this civil action, on December 20, 2019. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983 and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* and brings claims the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 *et seq.* ("NJCRA). (Compl., ECF No. 1). Plaintiff has established his financial eligibility to proceed without prepayment of the filing fee. His application to proceed *in forma pauperis* (Dkt. No. 1-1) under 28 U.S.C. § 1915 is granted.

I.   *Sua Sponte* Dismissal

When a prisoner proceeds without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, the complaint must be screened by the Court.

28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Pleadings that are filed *pro se* must be liberally construed by the Courts. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly,

2

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.   The Complaint

The complaint arises out of incidents that occurred in 2019 during Plaintiff's detention in Ocean County Jail and his incarceration in SWSP. Plaintiff alleges that while in Ocean County Jail, his attorney provided jail officials with Plaintiff's personal health insurance card and permission from a judge for Plaintiff to have hip surgery. (Compl., Count 3, ¶¶2-3, Dkt. No. 1 at 19.) Plaintiff's request for surgery was denied by defendants

3

Warden Sandra Muellen, L.P.N. P.J. Holden, Medical Director Dr. Santangello and Correct Care Solution, Inc. ("the Ocean County Defendants.") (Compl., Count 3, ¶3, Dkt. No. 1 at 19.)

Further, Plaintiff alleges he was incarcerated in SWSP on August 13, 2019, when he was taken to University Hospital for an operation. (Id. Count 3, ¶2 Dkt No. 1 at 18.) When he arrived at University Hospital, he was advised there was no doctor on staff who could perform the surgery, and it would cost too much to obtain another specialist. (Id.)

Plaintiff alleges that he wrote a grievance to SWSP's medical ombudsmen, Anthony Thomas, named here as a defendant. (Id. ¶3.) According to Plaintiff, Thomas told him that Dr. Shakir had advised Plaintiff against surgery on January 29; Plaintiff saw Dr. Neal at University Hospital on August 13, and Dr. Neal did not recommend surgery but rather physical medicine rehabilitation ("PMR") with Dr. Stitik. (Id.) Plaintiff disagreed with Thomas, alleging he did not see Dr. Neal on August 13, he saw Dr. Ferandiz, who concurred with Dr. Neal's recommendation for surgery. (Id. ¶4.) Plaintiff alleges that he could not have surgery that day without medical and dental clearance, so Dr. Ferandiz recommended PMR and for Plaintiff to return if his symptoms worsened or failed to improve. (Id.) Plaintiff's request for surgery was denied by UCHC, Dr. Latimore-Collier, Nurse Practitioner Victoria D'Amico and Medical Ombudsman Anthony Thomas ("the SWSP Defendants"). (Id. ¶5.)

4

On August 17, 2019, Plaintiff requested a wheelchair accessible cell at SWSP. (Compl., Count 1, ¶8, Dkt. No. 1 at 17.) His request was denied by the SWSP Defendants (Id. ¶9.) As the supervisors of these defendants, Plaintiff seeks to hold liable the New Jersey Department of Corrections, Commissioner Marcus O. Hicks, and Administrator John Powell ("the Supervisory Defendants.") (Id. ¶10.)

In Count 2, Plaintiff alleges the SWSP Defendants issued Plaintiff a wheelchair, which he contends is evidence that they knew he was in excruciating pain. (Id., Count 2, ¶¶1-2, Dkt. No. 1 at 18.) He further alleges "over the years numerous appointments for operation were scheduled . . . [due] to Central Transportation arriving late were cancelled."[1] (Id. ¶2.) Plaintiff seeks damages for alleged violations of the Rehabilitation Act, the Eighth and Fourteenth Amendments under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act. (Id., Relief, ¶7.)

B.   Claims Under 42 U.S.C. § 1983 and the NJCRA

Plaintiff alleges violation of his constitutional rights under 42 U.S.C. § 1983 and the NJCRA. 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of

---

[1] The Court does not construe as a separate claim this bare allegation that Plaintiff had scheduled operations cancelled over the years due to transportation problems but rather as a factual basis to support his allegation of deliberate indifference.

5

> any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

The NJCRA was modeled after § 1983. Lapolla v. County of Union, 157 A.3d 458, 469 (N.J. Super. Ct. App. Div. 2017). Thus, courts in New Jersey interpret the NJCRA analogously to § 1983. O'Neal v. Middletown Twp., No. 3:18-CV-5269-BRM-LHG, 2019 WL 77066, at *8 (D.N.J. Jan. 2, 2019) (citing Chapman v. New Jersey, No. 08-4130, 2009 WL 2634888, *3 (D.N.J. August 25, 2009)). Claims under the NJCRA are generally subject to the same defenses and immunities as those brought under § 1983. Id. (citing Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011)). The Court will address Plaintiff's § 1983 and NJCRA claims together.

### 1. Eleventh Amendment Immunity

Plaintiff has named the New Jersey Department of Corrections as a defendant to his claims under § 1983. The Eleventh Amendment

6

"protects a state or state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity[,] or the state waives its own immunity." Thorpe v. New Jersey, 246 F. App'x. 86, 87 (3d Cir. 2007) (per curiam) (citing MCI Telecom. Corp v. Bell Atl.-Pa., 271 F.3d 491, 503-504 (3d Cir. 2001), Edelman v. Jordan, 415 U.S. 651, 663 (1974)). "Section 1983 does not abrogate states' immunity." Id. (citing Quern v. Jordan, 440 U.S. 332, 340–41 (1979)). New Jersey has not waived its immunity from § 1983 suits. Mierzwa v. U.S., 282 F. App'x 973, 976 (3d Cir. 2008) (per curiam). Therefore, the New Jersey Department of Corrections is immune from Plaintiff's claims under § 1983 and the NJCRA.

    2.    Fourteenth Amendment Claim

The Fourteenth Amendment Due Process Clause protects pretrial detainees from conditions of confinement, including lack of healthcare, that amount to punishment. Montgomery v. Aparatis Dist. Co., 607 F. App'x 184, 187 (3d Cir. 2015) (per curiam). The Eighth Amendment standard for addressing claims of inadequate medical care by convicted prisoners serves as a guide for claims brought by pretrial detainees under the Fourteenth Amendment. Id. "Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need." Id. (quoting Rouse v. Plantier, 182 F.3d

7

192, 197 (3d Cir. 1999)). Under the Eighth or Fourteenth Amendment, negligence is insufficient to support a constitutional claim. Montgomery, 607 F. App'x at 187 (citing Daniels v. Williams, 474 U.S. 327, 333 (1986)).

Plaintiff alleges the Ocean County Defendants violated his rights under the Fourteenth Amendment by denying his request for hip surgery. Although Plaintiff alleges that he had permission for the surgery from a judge and that he could pay with his own health insurance, Plaintiff fails to state a constitutional claim because he does not allege that a physician ordered that it was medically necessary for him to have surgery immediately. See id. at 188 (finding allegations did not state a constitutional claim where the plaintiff did not allege that an MRI was necessary immediately). Moreover, Plaintiff does not allege that he was not provided any treatment for pain. The Court will deny Plaintiff's Fourteenth Amendment claim against the Ocean County Defendants and Supervisory Defendants without prejudice.

### 3. Eighth Amendment Claim

For his Eighth Amendment claim, Plaintiff alleges the SWSP and Supervisory Defendants denied him hip surgery, as recommended by Dr. Neal and Dr. Ferandiz. Accepting the allegations as true, as the Court must, Plaintiff fails to state an Eighth Amendment claim. Plaintiff alleges he did not have medical or dental clearance for surgery on August 13, 2019, so Dr. Ferandiz

8

recommended PMR and to return if his symptoms worsened or failed to improve. "'Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" Montilla v. Prison Health Servs., Inc., 457 F. App'x 212, 214 (3d Cir. 2012) (per curiam) (quoting United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n. 2 (3d Cir. 1979) (internal quotation marks omitted)).

Plaintiff does not allege that Dr. Ferandiz ordered that surgery was medically necessary. Even if one doctor recommends surgery, a prisoner does not state an Eighth Amendment claim when other doctors disagree with the necessity for surgery and prescribe an alternative treatment. Id. ("courts will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment[,] which remains a question of sound professional judgment.'" (quoting Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir.1979) (internal alterations, quotation marks omitted)). The Court will dismiss the Eighth Amendment claim against the SWSP and Supervisory Defendants without prejudice.

    C.   The Rehabilitation Act Claim

The Rehabilitation Act and the Americans with Disabilities Act ("ADA") provide that "'no qualified individual with a disability shall, by reason of such disability, be excluded from

9

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" Matthews v. Pennsylvania Dep't of Corr., 613 F. App'x 163, 169–70 (3d Cir. 2015) (quoting 42 U.S.C. § 12132)). Only "public entities" are subject to suit under the ADA or Rehabilitation Act. Id. (citing 42 U.S.C. § 12131). Therefore, the New Jersey Department of Corrections is the only proper defendant to Plaintiff's Rehabilitation Act claim. See id. at 170 (finding individual state officials and private corporations contracting with state agencies are not subject to suit under the Rehabilitation Act.)

Plaintiff alleges Defendants violated his rights under the Rehabilitation Act by denying him a wheelchair accessible room at SWSP after he was issued a wheelchair. To state a claim under the Rehabilitation Act, a plaintiff "must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." Furgess v. Pennsylvania Dep't of Corr., 933 F.3d 285, 288–89 (3d Cir. 2019). If the plaintiff seeks compensatory damages, he must also show "intentional discrimination under a deliberate indifference standard[.]" Id. at 289.

Plaintiff's allegations lack sufficient detail to state a claim under the Rehabilitation Act. Plaintiff has not alleged any

10

facts showing that he was discriminated against based on his disability or that he was "precluded from participating in a program, service, or activity" by reason of his disability. Furgess 933 F.3d at 288–89. Therefore, the Court will dismiss the Rehabilitation Act claim without prejudice.

III. CONCLUSION

For the reasons stated above, the Court will dismiss the complaint without prejudice. An appropriate order follows.


Date: June 5, 2020

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**